# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

_____

HENRIETTA ANDREWS,
on behalf of herself and
other persons similarly
situated, known and unknown,

         Plaintiff,

v.

WEST SHORE MEDICAL PERSONNEL
SERVICES, INC., PAUL H. HUNTER,
JANET HUNTER, and JENNIFER
HUNTER, jointly and severally,

         Defendants.

Case No. _____
Hon. _____

_____/

JOHN C. PHILO (P52721)
ANTHONY D. PARIS (P71525)
**SUGAR LAW CENTER**
**FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505
(313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiff*

Jack W. Schulz (P78078)
Elizabeth A. Gotham (P79058)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 246-3590

1

schulzgothamplc@gmail.com
*Attorneys for Plaintiff*

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, HENRIETTA ANDREWS, on behalf of herself and other persons similarly situated, known and unknown, by and through her attorneys MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and SCHULZ GOTHAM, PLC and for her Complaint, does hereby allege as follows::

### Nature Of Plaintiff's Claims

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et seq.* ("MWOWA") for Defendants' failure to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated minimum wage and overtime wages for work in excess of forty (40) hours per week.  Defendants' unlawful compensation practices have denied Plaintiff, and other similarly situated persons, their earned wages.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 216(b),

2

3.    The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues.

4.    Venue is proper pursuant to 28 USC §1391, since all Defendants reside or are located and/or doing business in the Western District of Michigan and the events giving rise to this action occurred within this District.

**The Parties**

5.    Plaintiff, HENRIETTA ANDREWS resides in the City of Battle Creek in Calhoun County, Michigan and is a citizen of the United States. Over approximately four years, Plaintiff HENRIETTA ANDREWS worked at WEST SHORE MEDICAL PERSONNEL SERVICES, INC. in Muskegon, Michigan.

6.    Defendant WEST SHORE MEDICAL PERSONNEL SERVICES, INC. ("WEST SHORE INC.") is and was at all times material hereto, a body corporate organized and chartered under the laws of the State of Michigan. The Defendant WEST SHORE INC. is headquartered at 955 West Broadway Avenue, in the City of Muskegon in Muskegon County, Michigan and maintains an office at 955 West Broadway Avenue in Muskegon County, Michigan.

7.    Defendant PAUL HUNTER is and was at all times material hereto, an owner, officer, and/or manager of the Defendant WEST SHORE INC. and works

3

from their offices at 955 West Broadway Avenue, in the City of Muskegon in Muskegon County, Michigan.

8.     Defendant JANET HUNTER is and was at all times material hereto, an owner, officer, and/or manager of the Defendant WEST SHORE INC. and works from their offices at 955 West Broadway Avenue, in the City of Muskegon in Muskegon County, Michigan.

9.     Defendant JENNIFER HUNTER is and was at all times material hereto, an owner, officer, and manager of the Defendant WEST SHORE INC. and works from their offices at 955 West Broadway Avenue, in the City of Muskegon in Muskegon County, Michigan.

## Common Facts

10.     From 2013 through 2017, Plaintiff HENRIETTA ANDREWS was employed by the Defendants as a Nurse Assistant.

11.     The Defendant WEST SHORE INC. is, and was at all times material hereto, engaged in the business of providing in-home nursing care to patients.

12.     The Defendants PAUL HUNTER, JANET HUNTER, and JENNIFER HUNTER were at all times material hereto, owners, officers, managers, and/or employees of the Defendant WEST SHORE INC.

13.     The Defendants PAUL HUNTER, JANET HUNTER, and JENNIFER HUNTER exercise significant control over the operations of the Defendant WEST

4

SHORE INC.; and had supervisory duties, participated in or set employee policies, and acted in the interest of the Defendant WEST SHORE INC. in relation to the Plaintiff HENRIETTA ANDREWS and other persons similarly situated.

14.     Each of the Defendants were individually, jointly, and/or alternatively an employer of the Plaintiff HENRIETTA ANDREWS and other persons similarly situated.

15.     Defendants operated as a single enterprise or alternatively, some combination of these Defendants operated as a single enterprise.

16.     From 2013 through the present, federal and Michigan laws required that the Defendants compensate the Plaintiff HENRIETTA ANDREWS and other persons similarly situated at pay rates in an amount meeting at least the minimum wage rate.

17.     Under the Fair Labor Standards Act, the federal minimum wage rate was $7.25 per hour from July 24, 2009 through the present.

18.     Under the Michigan Workforce Opportunity Wage Act, the state minimum wage rate was $7.40 per hour from July 1, 2008 through August 31, 2014; $8.15 per hour from September 1, 2014 through December 31, 2015; $8.50 per hour from January 1, 2016 through December 31, 2016; $8.90 per hour from January 1, 2017 through December 31, 2017; and $9.25 per hour from January 1, 2018 through the present.

19.    Throughout the time that she worked for the Defendants, Plaintiff HENRIETTA ANDREWS drove her own vehicle to and from work assignments. On information and belief, all other persons similarly situated drove their own vehicle to and from work assignments also.

20.    During her employment with the Defendants, Plaintiff HENRIETTA ANDREWS requested that she be reimbursed for gas and mileage for travel to and from work assignments.

21.    Despite her requests, the Defendants refused to reimburse Plaintiff HENRIETTA ANDREWS for gas or mileage to and from her work assignments.

22.    Throughout the time of her employment, the Defendants maintained a policy, which applied to all employees, of not paying employees' gas or mileage for travel to, from, and between work assignments.

23.    When expenses for gas and mileage to and from work assignments are deducted from wages, Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the federal or state minimum wage rates.

24.    Under the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act, Defendants are required to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

6

25.    When the Plaintiff HENRIETTA ANDREWS began working with the Defendants in 2013, her wage rate was $8.00 per hour and when she stopped working for the Defendants in 2017, her wage rate had risen to $9.50.

26.    Throughout the time that she worked for the Defendants, Plaintiff HENRIETTA ANDREWS and other persons similarly situated often worked more than forty (40) hours in a workweek.

27.    During her employment with the Defendants, Plaintiff HENRIETTA ANDREWS requested that she be paid overtime pay for hours worked that exceeded forty (40) hours in a week.

28.    Despite her requests, the Defendants refused to pay the Plaintiff HENRIETTA ANDREWS overtime wages for all work in excess of forty (40) hours per week.

29.    Throughout the time of her employment, the Defendants maintained a policy, which applied to all employees, of not paying overtime wages for all work in excess of forty (40) hours.

30.    Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

## Class & Collective Action

31.    Plaintiff   HENRIETTA   ANDREWS   incorporates   by   reference paragraphs 1 through 30 above as though fully stated herein.

32.    A copy of Plaintiff HENRITTA ANDREW's consent to bring her claim for unpaid overtime wages under the Fair Labor Standards Act as a representative action is attached hereto as Exhibit A.

33.    Counts 1 & 2 are brought as collective actions under the FLSA, 29 U.S.C. §216(b).

34.    The collective class consists of all persons who were, as alleged herein, employees of the Defendants hired to provide in-home care to patients during the Plaintiff's employment period and who were not properly paid at required minimum wage and overtime rates.

35.    Counts 4 & 5 are brought as a class action pursuant to Fed. R. Civ. P. 23 (a) and 23 (b) because:

> a.  the class of plaintiffs is so numerous that joinder of all class members is impracticable;
>
> b.  there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;
>
> c.  the claims or defenses of the representative party is typical of the claims of the class;

d.  the representative parties will fairly and adequately assert and protect the interests of the class; and

e.  the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

36.    The class representative and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

37.    Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

38.    The class representative, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

39.    The class representative is able to fairly and adequately represent and protect the interests of the class.

40.    If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

41.    A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## COUNT 1: Violation Of The Federal
## Fair Labor Standards Act
## (Minimum Wage)

42.   Plaintiff  HENRIETTA  ANDREWS  incorporates  by  reference

paragraphs 1 through 41 above as though fully stated herein.

43.   At all times relevant to this action, Plaintiff HENRIETTA ANDREWS

and other persons similarly situated were  nonexempt employees of the Defendants

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

44.   At all times relevant to this action, Defendants were the employer of

Plaintiff HENRIETTA ANDREWS and other persons similarly situated within the

meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

45.   In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*,

Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons

similarly situated at the federal minimum wage rate for all hours worked.

46.   Defendants engaged in a pattern or practice of failing and/or refusing

to compensate Plaintiff HENRIETTA ANDREWS and other persons similarly

situated at federal minimum wage rates.

47.   Defendants knowingly, intentionally, and willfully failed to pay the

Plaintiff HENRIETTA ANDREWS and other persons similarly situated at federal

minimum wage rates for all hours worked.

10

48.     As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS

and other persons similarly situated, known and unknown, are entitled to an award

of damages including but not limited to compensatory damages, liquidated damages,

punitive damages, costs, attorneys' fees, prejudgment interest and other damages as

allowed by law and equity.

## COUNT 2: Violation Of The Federal
## Fair Labor Standards Act
## (Overtime)

49.     Plaintiff   HENRIETTA   ANDREWS   incorporates   by   reference

paragraphs 1 through 48 above as though fully stated herein.

50.     At all times relevant to this action, Plaintiff HENRIETTA ANDREWS

and other persons similarly situated were nonexempt employees of the Defendants

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

51.     At all times relevant to this action, Defendants were the employer of

the Plaintiff HENRIETTA ANDREWS and other persons similarly situated within

the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

52.     In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*,

Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons

similarly situated at the federal overtime rate of one and one-half times their normal

rate of pay when working more than forty (40) hours during a week.

11

53.     Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

54.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

55.     As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT 3: Violation Of The Federal Fair Labor Standards Act (Retaliation)

56.     Plaintiff HENRIETTA ANDREWS incorporates by reference paragraphs 1 through 55 above as though fully stated herein.

57.     At all times relevant to this action, Plaintiff HENRIETTA ANDREWS was a nonexempt employee of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

58.    At all times relevant to this action, Defendants were the employer of the Plaintiff HENRIETTA ANDREWS within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

59.    In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the federal minimum wage rate for all hours worked.

60.    In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, Defendants failed to pay Plaintiff HENRIETTA ANDREWS at the federal overtime rate of one and one-half times her normal rate of pay when working more than forty (40) hours during a week.

61.    When Plaintiff HENRIETTA ANDREWS raised the issue of reimbursement for gas and mileage and raised the issue of the failure to properly pay overtime with them, the Defendants retaliated against her by punitively reducing her schedule and/or giving her less desirable assignments.

62.    As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS is entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

**COUNT 4:  Violation Of The Michigan
Workforce Opportunity Wage Act
(Minimum Wage)**

63.    Plaintiff HENRIETTA ANDREWS incorporates by reference paragraphs 1 through 62 above as though fully stated herein.

64.    At all times relevant to this action, Plaintiff HENRIETTA ANDREWS and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

65.    At all times relevant to this action, Defendants were the employer of the Plaintiff HENRIETTA ANDREWS and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

66.    In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*., Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the Michigan minimum wage rate for all hours worked.

67.    Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff HENRIETTA ANDREWS and other persons similarly situated at Michigan minimum wage rates.

68.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at Michigan minimum wage rates for all hours worked.

69.     As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT 5: Violation Of The Michigan Workforce Opportunity Wage Act (Overtime)

70.     Plaintiff HENRIETTA ANDREWS incorporates by reference paragraphs 1 through 69 above as though fully stated herein.

71.     At all times relevant to this action, Plaintiff HENRIETTA ANDREWS and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

72.     At all times relevant to this action, Defendants were the employer of the Plaintiff HENRIETTA ANDREWS and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

73.     In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*, Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at Michigan's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

74.     Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the state's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

75.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at the Michigan overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

76.     As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### COUNT 6: Violation Of The
### Michigan Workforce Opportunity Wage Act
### (Retaliation)

77.    Plaintiff HENRIETTA ANDREWS incorporates by reference paragraphs 1 through 76 above as though fully stated herein.

78.    At all times relevant to this action, Plaintiff HENRIETTA ANDREWS was Defendants' employee within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

79.    At all times relevant to this action, Defendants were the employer of the Plaintiff HENRIETTA ANDREWS within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

80.    In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*, Defendants failed to pay Plaintiff HENRIETTA ANDREWS and other persons similarly situated at Michigan's minimum wage rate for all hours worked.

81.    In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*, Defendants failed to pay Plaintiff HENRIETTA ANDREWS at Michigan's overtime rate of one and one-half times her normal rate of pay when working more than forty (40) hours during a week.

82.    When Plaintiff HENRIETTA ANDREWS raised the issue of reimbursement for gas and mileage and raised the issue of the failure to properly pay

overtime with them, the Defendants retaliated against her by punitively reducing her schedule and/or giving her less desirable assignments.

83.    As a result of Defendants' conduct, Plaintiff HENRIETTA ANDREWS is entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### Prayer For Relief

WHEREFORE, Plaintiff HENRIETTA ANDREWS on behalf of herself and other persons, known and unknown, prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages so wrongfully sustained by Plaintiff HENRIETTA ANDREWS including but not limited to compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs and attorney fees and other damages as allowed in law or equity.

Respectfully submitted,

/s/  John C. Philo_____
John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor

Detroit, Michigan  48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiff***


Date:  March 21, 2018

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HENRIETTA ANDREWS,
on behalf of herself and
other persons similarly
situated, known and unknown,

               Plaintiff,

v.

WEST SHORE MEDICAL PERSONNEL
SERVICES, INC., PAUL H. HUNTER,
JANET HUNTER, ROBIN MICHALS,
JILLIAN HUNTER, and JENNIFER
HUNTER, jointly and severally,

               Defendants.

Case No. _____
Hon. _____

_____/

JOHN C. PHILO (P52721)
ANTHONY D. PARIS (P71525)
**SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505
(313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiff***

Jack W. Schulz (P78078)
Elizabeth A. Gotham (P79058)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 246-3590

schulzgothamplc@gmail.com
*Attorneys for Plaintiff*

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF
## IN A COLLECTIVE ACTION UNDER THE
## FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by the above-named Defendants within the prior three (3) years, that I have not been paid the federally mandated minimum wages/and or overtime wages due to me pursuant to 29 USC §§206-207.  I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:        HENRIETTA ANDREWS

Signature:   *Henrietta Andrews*

Date on which I signed this notice:    3-14-18

John Philo (P52721)
Tony Paris (P71525)
**SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL
JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiff*

Jack W. Schulz (P78078)
Elizabeth A. Gotham (P79058)
**SCHULZ GOTHAM PLC**
P.O. Box 44855
Detroit, MI 48244
(313) 246-3590
schulzgothamplc@gmail.com
*Attorneys for Plaintiff*